IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALBERT JAMES BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-454-SLR |
| | ) |
| WARDEN PHIL MORGAN, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 8th day of August, 2008,

1. Plaintiff Albert James Brown, SBI # 483775, an inmate at the Howard R. Young Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983. He proceeds pro se and has filed an application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915. (D.I. 1)

2. The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule", when the prisoner is in imminent danger of serious physical injury. A prisoner who is not proceeding in forma pauperis may file a new civil action or appeal even if that prisoner has three or more

dismissals described in 28 U.S.C. 1915(g).

    3. Plaintiff, while incarcerated, has filed more than three civil actions that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, as follows: Brown v. O'Connell, Civ. No. 03-405-SLR (D. Del. Sept. 22, 2003); Brown v. Kelsey, Civ. No. 04-299-SLR (D. Del. Apr. 27, 2005); Brown v. Kelsey, Civ. No. 04-316-SLR (D. Del. Apr. 27, 2005). Therefore, he may not file another civil action in forma pauperis while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001). Plaintiff alleges he slipped and fell on water, injured himself, and received medical treatment. He alleges he continues to have medical difficulties as a recent of injury. His complaint, however does not meet the "imminent danger of physical injury" standard. Accordingly, he is not excused from the restrictions under § 1915(g), and he may not proceed without prepayment of fees.

    THEREFORE, IT IS HEREBY ORDERED that:

    1. Plaintiff's application to proceed without prepayment of fees (D.I. 1) is denied.

    2. Plaintiff shall pay the $350.00 filing fee within given thirty (30) days from the date of this order. If plaintiff does not pay the filing fee within that time, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

_____
UNITED STATES DISTRICT JUDGE